not conceive of any way in which the construction of this federal statute will affect the determination of this case. A case arises under the laws of the United States only where a recovery depends upon the construction of such law and, if a bona fide dispute as to the construction of such law does not exist, the court does not have jurisdiction.

In my opinion, there is not here involved a controversy as to the construction of a law of the United States sufficient to confer jurisdiction on a Federal Court.

Now, November 25, 1939, this action is dismissed.

MANDELBAUM, District Judge.

Libellant seeks an order requesting the respondent, McAllister Towing & Transportation Co., Inc., to furnish libellant herein greater or better security for costs, pursuant to Admiralty Rule X of the Admiralty Rules of this District.

While there is no direct authority in point, it would appear that Rule X applies to situations arising during the pendency of the action and has no application to a situation where a final decree has been entered and libellant has issued execution under such decree. See Benedict on Admiralty, Vol. I, footnote 26 to Sec. 367, p. 439.

The motion is accordingly denied.

**AMERICAN DIAMOND LINES, Inc., v. McALLISTER TOWING & TRANSPORTATION CO., Inc., et al.**

District Court, S. D. New York.

Aug. 31, 1939.

Hunt, Hill & Betts, of New York City, for libellant.

Burlingham, Veeder, Clark & Hupper, of New York City, for respondent McAllister Towing & Transportation Co., Inc.

Frank V. Barns, of New York City, for impleaded respondent, Seas Shipping Co. Inc.

**THE DIXIE.**

No. 530.

District Court, S. D. Texas, Houston Division.

May 9, 1939.

On Motion to Transfer Nov. 15, 1939.